Harper, J.
delivered the opinion of the Court.
The act of the Legislature of 1787, declares that, “ where > any monies, or other persoual estate, shall he found ir. the hands of any executor or administrator, being the property of any person heretofore deceased, or hereafter dying, and leaving no person intitled to claim according to the statute of distribution, and without making disposition of the same, the escheator of the district where such chattels shall be found, or the attorney general, on behalf of the State, shall and may sue for and recover, cither at law or in equity, and shall pay the same into the treasury of this State.” The terms “ shall be found in the hands of any executor or administrator,” plainly import executor or administrator of such deceased person. If the goods of the deceased person, be in the hands of any other than his executor or administrator, or if there be a debt due to the deceased from another person, the statute gives the escheator or attorney general no power to sue for these. They can only be recovered by the executor or administrator of the deceased. The administrator of an administrator certainly does not represent the original intestate, and the assets found in his hands constitute a debt to the legal representative of the first intestate. The legal representative of personal estate is an executor or administrator. The escheator stands in the situation of a distributee. Certainly a distributee cannot sue the debtor of his intestate at law, and this Court has determined that he cannot sue, even in equity, for his estate, unless an executor or administrator be made a party. The assets of the estate of Claney in the hands of the defendant constituted a debt from the estate of Douglass to the legal representative of Claney, and the accounting before the ordinary, could amount to nothing more than an acknowledgement of that debt. The motion for a nonsuit is therefore granted.